McGREGOR W. SCOTT
United States Attorney
GRANT B. RABENN
PAUL A. HEMESATH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

**FILED**
JUN 17 2019
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
       DEPUTY CLERK

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JOSE ROBERT PORRAS III, <br><br> Defendant. | CASE NO. 2:18-CR-0113-KJM <br><br> PLEA AGREEMENT <br><br> COURT: Hon. Kimberly J. Mueller |

## I.   INTRODUCTION

### A.   Scope of Agreement

The superseding indictment in this case charges the defendant with violations of 21 U.S.C. Sections 846 and 841 (drug distribution and conspiracy), 18 U.S.C. Sections 1956 and 1957 (money laundering and conspiracy), and 18 U.S.C. Section 922(g)(1) (felon in possession of a firearm). This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

### B.   Court Not a Party

The Court is not a party to this plea agreement. Sentencing is a matter solely within the

discretion of the Court, and the Court may take into consideration any and all facts and circumstances concerning the criminal activities of defendant, including activities that may not have been charged in the superseding indictment. The Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this plea agreement.

If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all of the obligations under this plea agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will receive.

## II. DEFENDANT'S OBLIGATIONS

### A. Guilty Plea

The defendant will plead guilty to Count Two of the Superseding Indictment, charing 21 U.S.C. Section 841 U.S.C. Section 841(b)(1)(C) (drug distribution) and Count Sixteen of the Superseding Indictment, charging 18 U.S.C. Section 922(g)(1) (felon in possession of a firearm). The defendant agrees that he is in fact guilty of this charge and that the facts set forth in the Factual Basis For Plea attached hereto as Exhibit A are accurate.

The defendant agrees that this plea agreement will be filed with the Court and become a part of the record of the case. The defendant understands and agrees that he will not be allowed to withdraw his plea should the Court not follow the government's sentencing recommendations.

The defendant agrees that the statements made by him in signing this Agreement, including the factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a guilty plea pursuant to this Agreement. The defendant waives any rights under Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, to the extent that these rules are inconsistent with this paragraph or with this Agreement generally.

### B. Special Assessment

The defendant agrees to pay a special assessment of $200 at the time of sentencing by delivering

a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing. The defendant understands that this plea agreement is voidable at the option of the government if he fails to pay the assessment prior to that hearing. If the defendant is unable to pay the special assessment at the time of sentencing, he agrees to earn the money to pay the assessment, if necessary by participating in the Inmate Financial Responsibility Program.

### C. Defendant's Violation of Plea Agreement or Withdrawal of Plea

If the defendant, cooperating or not, violates this plea agreement in any way, withdraws his plea, or tries to withdraw his plea, this plea agreement is voidable at the option of the government. The government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein. Any post-plea conduct by a defendant constituting obstruction of justice will also be a violation of the agreement. The determination whether the defendant has violated the plea agreement shall be decided under a probable cause standard.

If the defendant violates the plea agreement, withdraws his plea, or tries to withdraw his plea, the government shall have the right: (1) to prosecute the defendant on any of the counts to which he pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (3) to file any new charges that would otherwise be barred by this plea agreement. The defendant shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge, including perjury, false statements, and obstruction of justice. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses that the defendant might have to the government's decision to exercise the options stated in the previous paragraph. Any prosecutions that are not time-barred by the applicable statute of limitations as of the date of this plea agreement may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement of any such prosecutions. The defendant agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as of the date of this plea agreement.

### D. Forfeiture

The defendant voluntarily stipulates and agrees that as part of his sentence the Court may, pursuant to Fed. R. Crim. P. 32.2(b), order a forfeiture money judgment against the defendant, less any forfeited funds.

The defendant agrees not to file a claim to any of the listed property in any civil proceeding, administrative or judicial, which may be initiated. The defendant agrees to waive his right to notice of any forfeiture proceeding involving this property, and agrees to not file a claim or assist others in filing a claim in that forfeiture proceeding.

The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets. The defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding. The defendant agrees to waive any jeopardy defense, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of the assets by the United States, the State of California or its subdivisions.

The defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defenses or defects that may pertain to the forfeiture.

## III. THE GOVERNMENT'S OBLIGATIONS

### A. Dismissals

The government agrees to move, at the time of sentencing, to dismiss without prejudice the remaining counts in the pending superseding indictment. The government also agrees not to reinstate any dismissed count except if this agreement is voided as set forth herein, or as provided in II.C (Defendant's Violation of Plea Agreement), VI.B (Guidelines Calculations), and VII.B (Waiver of Appeal) herein.

### B. Recommendations

#### 1. Incarceration Range

The government will recommend that the defendant be sentenced to the low end of the applicable guideline range for his offense, as determined by the Court.

2. Acceptance of Responsibility

The government will recommend a two-level reduction (if the offense level is less than 16) or a three-level reduction (if the offense level reaches 16) in the computation of defendant's offense level if he clearly demonstrates acceptance of responsibility for his conduct as defined in U.S.S.G. § 3E1.1. This includes the defendant meeting with and assisting the probation officer in the preparation of the pre-sentence report, being truthful and candid with the probation officer, and not otherwise engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

C. **Use of Information for Sentencing**

The government is free to provide full and accurate information to the Court and the United States Probation Office ("Probation"), including answering any inquiries made by the Court and/or Probation, and rebutting any inaccurate statements or arguments by the defendant, his attorney, Probation, or the Court. The defendant also understands and agrees that nothing in this Plea Agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

IV. **ELEMENTS OF THE OFFENSE**

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense(s) to which the defendant is pleading guilty:

As to 21 U.S.C. Section 841(b)(1)(B)(i):

1. The defendant knowingly distributed marijuana, a Schedule I controlled substance; and
2. The defendant knew that it was marijauana.

As to 18 U.S.C. Section 922(g)(1):

1. On or about May 22, 2018, the defendant knowingly possessed a firearm, to wit: a D&D Sales Model A uzi-style firearm bearing serial number DD000404; a Norinco MAK 90 Sporter rifle bearing serial number 9413335; and a Smith and Wesson .44 caliber revolver bearing serial number S198091;
2. Those firearms had been shipped or transported from one state to another or between a foreign nation and the United States; and

Case 2:18-cr-00113-KJM Document 58 Filed 06/17/19 Page 6 of 11

3. At the time the defendant possessed the above-referenced firearms, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year: to wit, a 2017 State of California felony conviction for possession/purchase for sale of narcotics/controlled substance.

The defendant fully understands the nature and elements of the crimes charged in the superseding indictment to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

## V. MAXIMUM SENTENCE

### A. Maximum Penalty

For the crime of drug distribution, the maximum sentence that the Court can impose is 20 years of incarceration, a fine of $1,000,000, mandatory three years of supervised release, and a special assessment of $100, for a violation of 21 U.S.C. § 841(b)(1)(C). In addition, the defendant may be ineligible for certain federal and/or state assistance and/or benefits, pursuant to 21 U.S.C. § 862.

For the crime of felon in possession of a firearm, the maximum sentence that the Court can impose is 10 years of incarceration, a fine of $250,000, up to three years of supervised release, and a special assessment of $100, for a violation of 18 U.S.C. § 922(g)(1).

### B. Violations of Supervised Release

The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve up to three years of additional imprisonment.

## VI. SENTENCING DETERMINATION

### A. Statutory Authority

The defendant understands that the Court must consult the Federal Sentencing Guidelines and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines and must take them into account when determining a final sentence. The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists

PLEA AGREEMENT 6

an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

### B. Guideline Calculations

The defendant also agrees that the application of the United States Sentencing Guidelines to his case results in a reasonable sentence. The parties agree that they will not seek or argue in support of any Chapter Three adjustments (other than the decrease for "Acceptance of Responsibility"), or cross-references, except that the government may move for a departure or adjustment based on defendant's post-plea obstruction of justice (§3C1.1). Both parties agree not to move for, or argue in support of, any departure from the Sentencing Guidelines, or any deviance or variance from the Sentencing Guidelines under United States v. Booker, 543 U.S. 220 (2005).

The government and the defendant agree that there is no material dispute as to the following sentencing guidelines variables and therefore stipulate to the following:

Drug Distribution (Count 2 of Superseding Indictment):

| | |
|---|---|
| Base Offense Level: | +18 (§2D.1(c)(11)) (at least 40kg of marijuana) |
| Specific Offense Characteristics: | +2 (§2D.1(b)(1)) (possession of firearm) |
| Acceptance of Responsibility: | -3 |
| Total Adjusted Offense Level: | 17 |

Felon in Possession of a Firearm (Count 16 of Superseding Indictment):

| | |
|---|---|
| Base Offense Level: | +22 (§2K2.1(a)(3)) (offense involving a semiautomatic firearm with prior drug conviction) |
| Specific Offense Characteristics: | +4 (§2K2.1(b)(1)(B) (possession of 8-24 firearms) |
| Acceptance of Responsibility: | -3 |
| Total Adjusted Offense Level: | 23 |

### VII. WAIVERS

#### A. Waiver of Constitutional Rights

The defendant understands that by pleading guilty he is waiving the following constitutional

rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to subpoena witnesses to testify on his behalf; (e) to confront and cross-examine witnesses against him; and (f) not to be compelled to incriminate himself.

### B. Waiver of Appeal and Collateral Attack

The defendant understands that the law gives the defendant a right to appeal his guilty plea, conviction, and sentence. The defendant agrees as part of his plea/pleas, however, to give up the right to appeal the guilty plea, conviction, and the sentence imposed in this case. The defendant specifically gives up the right to appeal any order of forfeiture the Court may impose.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in the case. The defendant understands that these circumstances occur infrequently and that in almost all cases this Agreement constitutes a complete waiver of all appellate rights.

In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

Notwithstanding the agreement in paragraph III.A (Dismissals) above that the government will move to dismiss counts against the defendant, if the defendant ever attempts to vacate his plea, dismiss the underlying charges, or modify or set aside his sentence on any of the counts to which he is pleading guilty, the government shall have the rights set forth in paragraph II.C (Defendant's Violation of Plea Agreement) herein.

### C. Waiver of Attorneys' Fees and Costs

The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this plea agreement and any charges previously dismissed).

## VIII. ENTIRE PLEA AGREEMENT

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

## IX. APPROVALS AND SIGNATURES

### A. Defense Counsel:

I have read this plea agreement and have discussed it fully with my client. The plea agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this plea agreement.

Dated: 6/11/2019

NOA OREN
Counsel for Defendant

### B. Defendant:

I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other promises or inducements have been made to me, other than those contained in this plea agreement. In addition, no one has threatened or forced me in any way to enter into this plea agreement. Finally, I am satisfied with the representation of my attorney in this case.

Dated: 6-6-19

JOSE ROBERT PORRAS III, Defendant

C. **Attorney for United States:**

I accept and agree to this plea agreement on behalf of the government.

Dated: 6/17/19

McGREGOR W. SCOTT
United States Attorney

GRANT B. RABENN
Assistant United States Attorney

# EXHIBIT "A"

## Factual Basis for Plea

If this matter proceeded to trial, the United States would establish the following facts beyond a reasonable doubt:

Beginning no later than in or around March 2017, and continuing to in or around May 2018, in the Counties of Sacramento, within the State and Eastern District of California and elsewhere, the defendant distributed controlled substances with others, including the administrators and moderators of Wall Street Market and Dream Market, to distribute at least 53 kilograms of marijuana, a Schedule I controlled substance, and at least 168 grams of alprazolam, a Schedule IV controlled substance, to customers throughout the United States. As part of the defendant's distributon of controlled substances, between March 18, 2018 and March 24, 2018, he knowingly and intentionally distributed marijuana under the username "Canna_bars" on Dream Market, as set forth in Count Two of the Superseding Indictment.

On or about May 22, 2018, in the County of Sacramento, State and Eastern District of California, and elsewhere, the defendant, having been convicted of a crime punishable by imprisonment for a term exceeding one year, to wit: 2017 State of California felony conviction for possessions/purchase for sale of narcotics/controlled substance, did knowingly possess a firearm, specifically: (1) a D&D Sales Model A uzi-style firearm bearing serial number DD000404; (2) a Norinco MAK 90 Sporter rifle bearing serial number 9413335; and (3) a Smith and Wesson .44 caliber revolver bearing serial number S198091, as set forth in Count Sixteen of the Superseding Indictment. All of those firearms had previously been transported in interstate and foreign commerce.