HEATHER E. WILLIAMS, #122664
Federal Defender
NOA E. OREN, #297100
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA  95814
Tel: 916-498-5700/Fax: 916-498-5710

Attorney for Defendant
JOSE ROBERT PORRAS, III

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) Case No.  2:18-cr-113 KJM |
|---|---|
| Plaintiff, | ) **FORMAL OBJECTIONS TO THE PRE-SENTENCE REPORT** |
| vs. | ) |
| JOSE ROBERT PORRAS, III, | ) Date:  December 16, 2019 |
| Defendant. | ) Time:  9:00 A.M.<br>) Judge:  Hon. Kimberly J. Mueller |

Mr. Porras makes the following objections to the final presentence report (PSR) filed November 20, 2019 at Doc. 83.  Also, since Mr. Porras filed his informal objections, he has successfully completed all testing to obtain his GED.  As soon as he receives his GED certificate, he will submit it to the Court.

**1. Offense Level Computation**

<u>Page 8, ¶25:</u>    The draft PSR includes a Specific Offense Adjustment for possession of a firearm in connection with another felony offense pursuant to U.S.S.G. §2K2.1(b)(6)(B).  This is in error.  Based on the specific facts of this case, the parties specifically understood that Mr. Porras' weapons were stored in the same location, a storage locker, as the marijuana but they were not used to facilitate his sending drugs through the mail.

A defendant's mere possession of a firearm is insufficient to obtain an enhancement under §2K2.1(b)(6)(B). *See United States v. Routon*, 25 F.3d 815, 819 (9th Cir. 1994) (Describing legal standard for §2K2.1(b)(5), which is identical to the present day §2K2.1(b)(6)(B).) The current Commentary to Sentencing Guidelines §2K2.1(b)(6)(B) incorporates this standard and provides that the enhancement applies if the firearm facilitated or had the potential to facilitate another felony. *See* U.S.S.G §2K2.1(b)(6)(B) at commentary note 14.

In this case, given the online nature of the drug sales and the sale of marijuana through the mail, a firearm in a storage locker would not facilitate or have the potential to facilitate the sale of marijuana. The cases cited by probation are not on point and are not binding authority in this Circuit. *Coleman* is a case where the Sixth Circuit examined whether ammunition, without a gun, can be used to facilitate a drug offense. (*United States v. Coleman*, 627 F.3d 205 (6th Cir. 2010).) Possession of ammunition is not at issue in this case so this case is not pertinent to the Court's analysis. In *Sneed*, which cites *United States v. Fuentes-Torres*, 529 F.3d 825 (8th Cir. 2008), the Eighth Circuit was deciding whether carrying a gun in public with drugs could facilitate a drug offense. (*United States v. Sneed*, 742 F.3d 341 at 343 (8th Cir. 2014).) Mr. Porras did not carry a gun in public with drugs so that case is similarly inapposite.

Based on the fact that Mr. Porras did not possess the firearms to facilitate his online sale of marijuana, which he mailed through the United States Postal Service, it is not appropriate to apply the adjustment under U.S.S.G. §2K2.1(b)(6)(B) in this case. The government, not the probation office, bears the burden of proof for any fact that would support aggravating adjustments and the government is not seeking to prove Mr. Porras possessed the guns in connection with another felony offense. *See United States v. Charlesworth*, 217 F.3d 1155, 1158 (9th Cir. 2000). These facts are not disputed by the government. Please remove the adjustment in ¶25.

**2. Offense Level Computation**

<u>Page 6, ¶29:</u>   Please correct the Adjusted Offense Level (Subtotal) to reflect the changes requested in **Objections #1** and **#2** above. The correct Adjusted Offense Level (Subtotal) should be 26.

**3. Offense Level Computation**

<u>Page 6, ¶33:</u>   The corrected Total Offense Level, based on **Objections #1** and **#2** above, is 23.

**4. Impact of Plea Agreement**

<u>Page 16, ¶76:</u>   Mr. Porras and the government stipulated to an offense level of 23 in the plea agreement at Doc. 58, p.7 of 11.  Based upon that stipulation, the government and Mr. Porras will respectfully be requesting the Court sentence Mr. Porras to 70 months, the low-end of his guideline range.

For these reasons, Mr. Porras respectfully requests that the Court modify paragraphs 25, 29, and 33 of the PSR.

DATED: November 25, 2019                    Respectfully submitted,

                                            HEATHER E. WILLIAMS
                                            Federal Defender

                                            */s/ Noa E. Oren*
                                            NOA E. OREN
                                            Assistant Federal Defender
                                            Attorney for JOSE ROBERT PORRAS, III